You have to go first this time. Sorry, Your Honor, but yes. It happens. Ryan Cross, on behalf of the United States, and may it please the Court. In granting the defendant's motion to suppress, the District Court ruled that although police have probable cause to arrest the defendant on October 3, 2014, by October 7, less than a week later, the probable cause was no longer present and the police were required to obtain an arrest warrant. The District Court should be reversed. Police are not required to obtain an arrest warrant before executing a probable cause arrest, and the District Court's ruling that probable cause arrests may not occur, quote, multiple days after the alleged activity, unquote, is a misstatement of law that imposes an impossibly short timeline on police officers seeking to execute probable cause arrests. The United States has additionally argued an alternative with respect to the heroin found in the defendant's vehicle, that police have probable cause to search the vehicle under the doctrine set forth in United States v. Ross. Now, neither the District Court nor the defendant has addressed this argument, and this Court need not do so either if it agrees that the vehicle was properly searched incident to the defendant's arrest. However, even if the Court disagrees with the United States on Issue 1, it should nonetheless reverse as to the heroin found in the defendant's car, as police had ample probable cause to search the vehicle on October 7, 2014. Now, I'll start with Issue 1, and then I think it's important to emphasize that the sole basis the District Court rejected the United States' argument on the probable cause arrest was that multiple days had passed since the illegal activity, and the police were therefore required to obtain an arrest warrant. This is not the law. The Supreme Court has said that nothing in the Court's prior cases indicate that under the Fourth Amendment, a warrant is required to make an arrest. The decisions are uniformly to the contrary. And in 2007, in an unpublished decision, this Court said in United States v. Willis that the time of an arrest is a matter the Constitution almost invariably leaves to police discretion. Well, and Judge Jackson's, to understand perhaps how we got to this point, this was not the argument that was initially being made to Judge Jackson, was it? That's correct, Your Honor. The United States, and frankly, I made the wrong argument initially, that the search was proper as part of the execution of the search warrant, but we got it right the second time. And when did that occur? It did happen in the District Court, correct? You were making these arguments about, I don't know what cases you cited, New York v. Harris or something else, in the District Court? Yes, Your Honor. So initially, there was the defendant filed a motion to suppress, and the United States filed a response saying that the search was lawful, the defendant was lawfully obtained pursuant to the execution of the search warrant. The Court then ordered supplemental briefing. The United States argued at that point that the police had probable cause to arrest the defendant because the defendant was a witness selling heroin. And so if this Court believes that police who witness a defendant selling heroin have probable cause to arrest the defendant for selling heroin, then the intrusion on him that day was lawful. And the facts and circumstances surrounding the arrests are, for all meaningful aspects, largely undisputed. It's undisputed that the government had probable cause to make the arrests on October 3rd. That was conceded by the defendant on page 116 of the record. The Court recognized it at page 76 on 158 of the record. And the facts are undisputed of the control by the forms of basis for the search warrant that the previously reliable confidential informant was corroborated when the police witnessed a controlled body. So then there's also no dispute that he was detained on October 7th. It seems to me that the confusion here, if you will, comes from the cases having to do with staleness for a search warrant versus staleness for an arrest warrant. An October 1 drug sale may become stale as far as a search warrant at the location of the sale, but it doesn't become stale for purposes of arresting the person for a crime and prosecuting them for a crime until much later when the statute of limitations runs out. Exactly. And I just think that's what happened, frankly, that those two concepts got confused here. Right. Your Honor, that's what happened. And I think Bailey also confused things, but Bailey doesn't apply to probable cause arrests. The petitioner in Bailey is not Joseph Clark. The Bailey petitioner was leaving a premises that was subject to a search warrant. He left. He was detained and brought back. And the Supreme Court said you can't detain somebody and make a full-fledged arrest when there's no probable cause of reasonable suspicion that they committed a crime just because they left the premises subject to a search warrant. And, in fact, Bailey was remanded to determine if there was reasonable suspicion. What is the government's position on when Clark was arrested? Your Honor, Clark was arrested when he was handcuffed, Mirandized, totally investigated. And that happened very soon after the stop? It was immediately after the stop, Your Honor. So he was arrested the whole time out at the car? Yes, Your Honor, and I think a very helpful case on this point. Let me ask a little bit further. Was somebody else driving or somebody else in the car? Your Honor, Clark was driving and the passenger, there was a passenger in the car. And was there any evidence against the passenger? Was he allowed to leave? Your Honor, he was arrested. I believe that he had drugs in his pocket. In terms of the ultimate sort of result of what happened to him, I'm not positive. I'm just wondering, if you immediately arrested Clark, and I don't know if it was Clark's car, Clark was driving, I was wondering if the other person was driving, if the other person could have driven the car away while you took Clark into custody so you actually were holding the other person and the vehicle and if you had some evidence against the other person. I think that in the case of the other person, let's assume that they didn't have a probable cause as they did with Clark. They didn't witness him selling heroin less than a week later. And he was taken back to the scene and there was evidence found on him. I think there would be a bailing issue there if there wasn't any reasonable supposition or probable cause he committed an arrest. I'm just talking about the retention of the car. Oh. Is my concern if the other person had any possessory interest or could have taken the car himself. That's when, I mean you did prosecute him for what ultimately was found through the search, correct? But in the house or in the apartment or whatever it was. Exactly. The basis for the search warrant equals the basis for the probable cause for the arrest. And with regard to the vehicle, Detective Burtonwell testified at page 125 of the record that he had knowledge that this vehicle was being used to transport heroin. And then I believe at 143 or 144 of the record, Detective White testified that he was told by Detective Burtonwell to look for the Camaro. And so the confidential informant also told Detective Burtonwell, and this is in the record at page 50 and the court recognizes at page 68, that he had seen the defendant transporting a gun in the vehicle. And so our position is, first of all, the vehicle could be searched because the police could look for evidence related to the crime of the arrest under United States v. Gantt. And then secondly, even independent of that, there's probable cause to search the vehicle under the automobile exception, United States v. Ross. Is there any evidence in the record, to get directly to Judge Southwick's question, that the passenger had any right to the car, any possessory interest in the car or rights in the car? There's nothing that shows that the passenger had any possessory interest, and I think the record actually shows that the car belonged to Mr. Clark. Again, because the surveillance team that was posted outside was looking for Clark. And they were told, Detective White testified at 144, he was told by Detective Burtonwell to look for the Camaro, because that was the car that was associated with Clark. And I know that there was the point that he was just detained as opposed to arrested, but the record is undisputed. He was handcuffed, placed in the back of a car, and taken back to the officers at his apartment. That obviously goes beyond a mere brief investigatory stop, and so the question then becomes, was it justified? Did the police have merely a suspicion that he committed a crime? Did they have probable cause? Obviously they had probable cause. They witnessed a solid hearing. I mean, the instruction was arrest him. Exactly, Your Honor. There was no preliminaries as you would get in a normal stop. This was arrest him right now. Absolutely, Your Honor. And there was also the point, well, they just stopped him for a traffic violation. The court found that the primary motivation was the execution of the search warrant. And so if officers have two bases, that doesn't mean they're only limited to an investigatory stop. If that were the case, then any narcotics dealer that flees the United States Marshals can only be investigated for speeding and reckless endangerment. You couldn't then search them for the drugs. So obviously if the police had the probable cause, they could do the full search, which is what they did. And another thing that I think may be helpful for the court is it's a case that was cited by the United States just for the basic proposition that searches can be conducted incidental to arrests, United States v. Hernandez. And in that case, a defendant was stopped under suspicion that he was passing counterfeit bills. And then he was basically brought back to a command post at a carnival. And the police found that just bringing him back to the command post, I mean, the court found that just the police bringing him back to the command post was a custodial arrest for Fourth Amendment purposes. Here they went much further. They handcuffed him, and they were arrested. Well, I think we have your argument, counsel. Anything else? Not at this time, Your Honor. Thank you. You have time for rebuttal. May it please the Court. David Boren on behalf of the Appellee in this matter, the defendant, Mr. Clark. Your Honor, I've got to point out to the Court, he was never arrested. Was never what? The defendant was never arrested that day or since that time for the transaction that happened October 3rd. It didn't occur. It's not in the record. In fact, in the record on page 133, he said, I asked the question, he had no basis to arrest him, did he? He said, I just asked him to bring him back so we could check the vehicle. On page 139 of the record, the transcript, Judge Jackson asked, was he arrested at that time when the car was pulled over? Was he arrested at that time? The answer from the detective was, no, he was just detained. They never arrested him. Ma'am? What is that? Their practice was the record. That was certainly an arrest. Well, for what? He was never arrested for what? Whether it was a valid arrest is another question, but he was clearly arrested. But the issue, Your Honor, is was that detention have anything to do with the October 3rd event? No, it doesn't. There's nothing in the record to support that. The detention that day, whether you want to call it detention or arrest or whatever, was because of the search warrant about to be issued at the location where the man lived at the apartment complex. We did not contest the affidavit of the search warrant. The affidavit was good. You're saying that they didn't have probable cause. It was an arrest, but they didn't have probable cause to arrest him. That's your argument. Yes, Your Honor. The record is replete, and I can quote you the pages and the verses where they testified, both police officers. They saw him do nothing wrong that day. He was not suspected of any criminal activity that day. They wanted to search his home. But they had seen him do wrong before. Yes. They clearly had probable cause to arrest him for the prior incident. But they didn't. Well, the problem is I think if they'd handcuffed him, put him in the squad car and not Mirandized him and then started questioning him, you would be here on, he was under arrest and he didn't get his Miranda warnings and you were going to suppress anything he said. And that's where all these cases about what is an arrest come up. It seems pretty clear he's not free to go, and that's what delineates the arrest. He's handcuffed. I mean, how is he free to go at that point? That's not even why they stopped him, Your Honor. The record is clear. What does it matter? No, the record is clear. He's arrested. Now the question is was there probable cause for that? Well, he did a drug deal a few days before. This sounds pretty probable to me. The reason he got stopped was for a traffic violation, not the drug deal on October the 3rd. The record is complete with that. Whether you want to call that a detention or an arrest, they didn't comply with any of the steps necessary to, in the case of Rodriguez or the most recent case in Spears, to develop the traffic stop. Nothing. Nothing. Counselor, your argument seems to be, and I'm not asking you to accept this, that perhaps there is a basis that he could have been arrested because of the several-day-old evidence that the government had, but the government itself admitted that's not what they did. They admitted on the stand that there were other bases for why they detained him and he was not under arrest. Is that what it comes down to is that actual officers who were involved never used the particular bases that the government is now arguing would support an arrest? Yes, Your Honor, and you know why they don't do that? It's because they don't want to have to give up that CI because if they had arrested him for the October 3rd event, he's the only person that purportedly saw the event occur. I have a right to discover him through the rules of discovery, and I can compel them to give me his identity and permit me to interview him. They don't want to do that. They use him as the basis to get the search warrant to go in the house some days later. Standard routine and standard procedure for them. But they never intended to arrest him for the October 3rd event. And on another point, too, so I don't want to lose all my time, even if what he's saying is correct, and I don't agree with it at all, they had no basis to get into his car. The car had nothing to do with the October 3rd event. He was out of the car, arrested, detained. They take his car back to the scene of the search and then go rummaging through it. Gant clearly would be on my side in that regard. But it seems like the district court's finding wasn't that they didn't properly fulfill the requirements of an arrest at the point or arrest him with the right words or whatever. It was that the matter that they had observed previously was now stale for purposes of arrest. And that you're not defending. You're not defending that ruling. Your Honor, I didn't argue that in the district court. Well, so, I mean, the actual ruling the district court made, you're not defending. I am arguing. You're kind of creating a new argument about, well, they didn't say properly what they did and they said it was a detention, not arrest, and this and that and the other. Rather than this whole contemporaneity argument. No, Your Honor, I was very clear in district court and here as well. Rodriguez was the main issue. They made a traffic stop. They didn't comply with the law in that regard. That's the first error. They should have let him go. And they didn't. Because they were told to keep him there and bring his vehicle back so it could be searched. From the page I just quoted to you on page 133. No. I want the vehicle back. I want to search the vehicle. Rodriguez is first. Then you get into the Bailey issue. They had no right to bring him back to where the search warrant was about to be executed. Bailey changed the Summers rule. We all know that. And third, even besides those, you get into Arizona versus Gant, they had no right to get him to the car where the heroin was found. Because if you are saying, well, as if I had an arrest warrant, I'm going to arrest you now, Mr. Clark, out of the car. He's out of the car, puts him in the back, handcuffed. He has no basis to get in the car because there's nothing contemporaneously happening that day at that moment of an offense. He's merely executing an arrest warrant. So he couldn't get into the car. Well, counsel, regardless of your making that argument to the district judge, it doesn't seem to me the district judge accepted that. But the district judge went on, which is following up on what Judge Haynes said, is the entirely different issue that the government is now responding to that there's no such thing as stale arrest evidence. Apparently some of the case law says the person has to be arrested in a public place, but other than that, the staleness of the arrest evidence, that's what Judge Jackson ruled on. And it's not only that you're not defending it, that's the way the judge analyzed the case. And it seems to me what we're looking at is did he properly analyze it, and the government certainly has some strong arguments that he did not. But you're telling me even if he had properly, it seems to me your argument is, even though he didn't necessarily accept the way you argued in the case, and correct me, his decision still is defensible because the government never arrested him for what some of this case law says they could have arrested him for. That's my point. He never has been arrested. But I'm telling you, Judge, but you accept that Judge Jackson did not agree with the argument that you're making now and instead went the direction of the government did arrest him out at the scene for this several-day-old evidence that they had on him, but that evidence was too stale. Isn't that the way he analyzed it? I think he was trying to explain. Is it the way, and then you can tell me why he did it that way, but isn't that the way he analyzed it? It's probably a part of his decision, Your Honor. I can't argue that. But Judge Jackson agreed with us at the hearing and in the decision as to the Rodriguez issue. It was done wrong. He also agreed with us as to the Bailey issue. It wasn't done correctly. I think he also was trying to explain that in the alternative, even if that hadn't happened, he didn't feel he had a right to go and arrest him some five days later. My point again is, though, he never was arrested. The government wants to rely on that basis. It's the only way they can bootstrap their situation to being able to avoid Rodriguez and to avoid Gant and to avoid Bailey. He never was arrested. Arrests have to take place at some time. How can you say he wasn't arrested? At the point at which that car was pulled over, the intention was, and it's what happened, to arrest him. It was not a traffic stop. You all got off on this traffic stop in the district court, which was crazy. It wasn't a traffic stop. He was being arrested. He wasn't being arrested for the October 3rd event, Your Honor. Nothing in here says that, that he did that. He was never arrested. He was being arrested based on the probable cause that they had, at least that they thought they had, that was the argument, before they stopped him. The record does not support that. That's nowhere in there they were arresting him based upon October 3rd. They were going to search the house based on October 3rd. We didn't oppose that. The warrant was a good warrant. I would have been a fool to try to oppose that. I'm opposing the no probable cause stop because they didn't have it. They did not arrest him for that. It wasn't in the minds of any of the officers that were making an arrest because of October 3rd. They never intended to do that. That's why they want the truck brought back to the house. They thought the truck was going to be there apparently when the warrant arrived, and it wasn't. The first argument by the government was, well, they had a right to search the truck because it had once been there. That doesn't work. That's Bailey. Rodriguez, they're the ones that brought the argument about the traffic stop, not the defense. That's why they said they stopped him. The record is clear. We stopped him because improper languages. The government lawyers below, I'm sorry if it was you, but it was a botched up job from their standpoint. That's for sure. But the argument is that the government has to be asserting they had probable cause to arrest him at the point at which they did, based on the events that occurred before that. They had probable cause. And then once, if they have probable cause to arrest him, then they have a right to search the vehicle. No, Your Honor, not under Gant. That would not be correct. In my opinion, that's not right because what he's driving that day had nothing to do with the October 3rd event. He's out of the car. He's been handcuffed, and now he's in the back seat of the police vehicle. That doesn't give him the right to go in the car. It's not associated with that. It's not like the drug transaction had taken place. They saw it go down in his car. A hand-to-hand transaction occurred. That didn't happen. And number two, they still didn't – I'm not saying they didn't have probable cause to arrest him, but they didn't. They did not arrest him for October 3rd. They arrested him for what happened in the car and at the house. Now, you may think it's a fine point, but it's extremely fine to me because they didn't do that. That's how they're trying to bootstrap their actions because they've got to do it by saying, well, it's because we could have. Well, yes, you could have, but you didn't stop him for that. What case do you have that says if you have probable cause to arrest somebody for a drug transaction and you arrest them but you don't fill out a ticket that says, I arrested somebody for this drug transaction of October 1st or 3rd or whatever, then that vitiates the probable cause? Where's that case? Because it's not in here in the record. No one ever arrested him. Nowhere. Well, I know, but that's the issue. No, I mean, you've made your point on that. Okay. Well, my point being that there had to be some connectivity then between the October 3rd event and his being in the car that day. It wasn't in my mind. He wasn't arrested for that. He wasn't arrested if the traffic was up. Yes, detention like that, not free to leave, I understand, fine words, but they were doing that because they wanted to bring him back to the house. They wanted to search him at the house. He wasn't even searched when he got back to the house. The car wasn't searched when he got back to the house. Well, they don't have to. If you arrest someone in a car, you don't have to search the car right on the spot. You can take the car back and search it somewhere else. So they had a right to do that. If you have a warrant, yes, but they had no right to get in that car because of the gas. It's disassociated from it. It's disassociated totally from it. He's out of the car. He's secured. I want a case simply like this. Many years ago in this court, U.S. v. Green, which was also cited in the Gantt case, and I cited it in my brief because back in the old days of Schimel and Belton, the court said, no, they don't apply to you. The man is out of the car. The door is locked. He's walking to the front door when the U.S. marshal is tackling him and arresting him. He's on the ground handcuffed when they go back and get into his car and find the firearm for which he was going to be prosecuted. And this court upheld, reversed the district court's ruling saying you're right. They didn't have a right to get in the car without a warrant at that point in time. It's out of play. He's secured. He can't get to anything that can harm the officers. He can't get to anything that can destroy evidence at that point in time. I think I'm in the same situation here in regards to the car. But I think the record is clear as to why they stopped him. Now they want to say, no, we really stopped him because of the October 3rd event. Nothing in here says that. Nothing. They stopped him because he violated the traffic law, improper lane usage. And then it goes from there. But the intention was, and I think what got to Judge Jackson, I can't speak for him, was that it was a subterfuge to a certain degree because what they really wanted was to bring the defendant back to the house and his truck back to the house. That was their goal. Because if they wanted to just arrest him, why didn't they stop him coming out the front door of his house? They followed him. They saw him come out. They saw him get in the truck. They saw him leave. Why not stop him right there? If their intention was to arrest him for the October 3rd event, they didn't do that. That wasn't the intention. All right, Counsel. That covers it. We only have more time. Okay. Thank you, Your Honor. I appreciate it. Thank you for your time. Well, Counsel, what do you make of that both factually and legally? Is his construction of how the officer is denied any intention to arrest him for the argument, for the basis that you're saying, did that actually occur? And is there a case law that says that the officers must acknowledge the basis that you want to then use to justify the arrest? Your Honor, first, I might hold defense counsel to that position next time we have a non-Mirandized statement. And the officer just says, I'm just detaining him, not arresting him. That is, I think, the basis. I think he's acknowledging the fellow may well have been arrested, but the officers did not say that he was arrested and never said that he was arrested for the October 3 probable cause evidence. Your Honor, whether someone's arrested is a legal determination to me made by a court, not by a police officer. The United States Superintendent says the custodial arrest. No, really, you're just going a different direction. Mr. Borland's point is the officers said, it has nothing to do with what we had the basis to arrest him for. Instead, we were dealing with him on a different basis, and he even has an explanation as to why that may have been the case. Now, is there any case law that says that matters? I think not, Your Honor. I think the case law says the opposite, in that an officer's subjective intents or relevance alone is his actions are objectively justifiable. And so if the officer's basis for executing the search warrant is watching that narcotics dealing six days later and they arrest him on the basis or detain him on the basis to say, well, we're going to execute a search warrant, his intrusion, the intrusion on him is not reasonable because the facts and circumstances then known to him, known to the police, are that he was dealing heroin. And someone who's dealing heroin is reasonably intruded upon when he's detained. And I also want to be clear that the record's very clear that the reason for the detention was a narcotics investigation. And I'll just give sites to the court. At page 127, Detective Birtwell said he was stopped because he was trafficking heroin. Was this the same suppression hearing or the same hearing that he was quoting from? The same hearing, yes, Your Honor. Detective White said that he was stopped because of the investigation at 144. The court found that the true motivation for the stop was a search warrant execution at page 78. And the defense went to long lengths to show that there was no procedures with a normal traffic stop, and the reason was because the police officers were intending to arrest. They didn't intend to make a traffic stop. But wasn't their initial argument that this was, in the early days of the defense of this stop, wasn't that the argument that this was a traffic stop? They gave two bases. They said that they saw a traffic stop. So it's not exactly frivolous, the argument that he's making. Indeed, the government took that position. Well, I think that the record's clear, Your Honor, that they obviously witnessed him selling heroin and they saw a traffic stop. Sometimes officers look for a belt and suspenders approach where they're looking for a traffic violation even though they have a basis to stop someone, and that's what took place here. But even if there's two bases, the primary motivation was obviously a narcotics investigation. The defense counsel also pointed out that this court ruled in his favor in Green. Well, that was before Gantt added that police could search a vehicle for evidence of crime of arrest incident to a probable cause of arrest. So Gantt essentially added gloss to United States v. Green. The point about him not being arrested on October 3rd, law enforcement officers are often trying to protect confidential informants, and by waiting a few days and then executing a search, it allows them to extricate those confidential informants. As this court is aware, it's very dangerous for these confidential informants. And so when you do something of that nature, it's reasonable. I'm not sure it's in the record, but I'm guessing that's why police didn't arrest him immediately, and that's fine. And again, the fact that the officers also noticed a traffic violation, they were very clear right from the start. As soon as they pulled him over, there's an investigation. They brandized him. They handcuffed him. Whether or not they called that an arrest or not. Now, if he was arrested under the law, regardless of whether they called it that, and they had probable cause for it, is it necessary that they have told him, we're arresting you for the drugs from October 1, 3, whatever prior date? No, Your Honor. The Supreme Court has rejected the idea that because officers have an ulterior motive for a stop or they use pretext, that invalidates their actions. So long as their actions are objectively reasonable, it's objectionably reasonable to arrest someone who's been seen dealing heroin. Thank you. Thank you, Your Honor.